UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARCELLUS SMITH,
    Plaintiff,

vs.

JOHN DOE, *et al.*,
    Defendants.

Case No. 1:14-cv-948

Beckwith, J.
Litkovitz, M.J.

**ORDER**

This matter is before the Court on plaintiff's motion for appointment of counsel (Doc. 9) and "motion to issue service" (Doc. 10).

### I. Motion for Appointment of Counsel

Plaintiff, a prisoner at the Southern Ohio Correctional Facility, asserts that he is on "23 hour lockdown" and is without access to the legal library and, therefore, moves the Court to appoint him counsel in this matter. (Doc. 9).

The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id*. at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. Therefore, plaintiff's motion for appointment of counsel (Doc. 9) is **DENIED.**

It also appears that plaintiff requests notification as to whether the Court received previously requested information regarding his inmate trust fund account. *See* Doc. 2 (on December 17, 2014, the Court ordered plaintiff to submit a certified copy of his inmate trust fund account for the preceding six-month period). The Court received this information from plaintiff on January 7, 2015 (Doc. 4) and shortly thereafter granted plaintiff's motion to proceed in this matter *in forma pauperis*. *See* Doc. 5.

### II. Motion to Issue Service

Plaintiff's motion provides: "I the plaintiff, ask that you grant me the names of only the CO's & rec CO's that was involved in the incident in KI's Day room a[re]a on 12/12/13 at approx. 1:30 AM while coming back from recreation." (Doc. 10).

It appears that plaintiff seeks to discover the names of the John Doe defendants in this matter in order to satisfy this Court's February 3, 2015 Order. *See* Doc. 6 (ordering plaintiff to file a motion to issue service, including providing completed United States Marshals and summons forms if and when he discovers the names of the John Doe defendants). Plaintiff's request for this information is improperly directed at the Court. Plaintiff must serve his discovery requests on defendants rather than file them with the Court. *See* Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b). . . ."). Plaintiff's motion to issue service (Doc. 10) is therefore **DENIED**.

Plaintiff is further notified that a summons has issued for, but has not yet been served on Donald Morgan, the warden at the Southern Ohio Correctional Facility. *See* Doc. 8. After this summons is served, plaintiff may seek to discover the names of the John Doe defendants by issuing a discovery request directly to Warden Morgan.

For the reasons stated above, plaintiff's motion for appointment of counsel (Doc. 9) and

motion to issue service (Doc. 10) are **DENIED**.

The Clerk of Court is **DIRECTED** to serve a copy of this Order on the Office of the Ohio Attorney General, Corrections Litigation section.

**IT IS SO ORDERED**.

Date: 2/25/15

Karen L. Litkovitz
United States Magistrate Judge

-3-