# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| MARCELLUS SMITH, JR., <br> Plaintiff, | Case No. 1:14-cv-948 |
| vs | Beckwith, J. <br> Litkovitz, M.J. |
| JOHN DOE, et al., <br> Defendants. | **ORDER AND REPORT <br> AND RECOMMENDATION** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), previously filed a complaint against unidentified John Doe defendants, all SOCF correctional officers, alleging that the officers used excessive force against him in violation of the Eighth Amendment. (Doc. 7). Plaintiff was granted leave to proceed *in forma pauperis*. (Doc. 5). However, because plaintiff initially named only John Doe defendants, the Court permitted him to serve the SOCF Warden so that plaintiff could conduct limited discovery to identify the names of the John Doe defendants. The Court noted that once plaintiff discovered the names of the John Doe defendants, he would be required to amend his complaint to identify them and the SOCF Warden would be dismissed. (Doc. 6).

Plaintiff has now filed an amended complaint identifying as defendants Alen Peters, K. Copas, W. Bailey, Duane Taylor, Shawn Stevens, Jason Taylor, Melvina Davis, and Todd Payne. (Doc. 23).

This matter is now before the Court for a sua sponte review of the amended complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

As he did in his original complaint, plaintiff alleges that defendants used excessive force

against him in violation of the Eighth Amendment. Specifically, plaintiff contends that defendants K. Copas, W. Bailey, Duane Taylor, Shawn Stevens, and Jason Taylor attacked him, causing injuries to his head and leg, as well as lasting seizures for which he now takes medication. (*See* Doc. 23, Amended Complaint at PageID 72–74). At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff's Eighth Amendment claim against these defendants is deserving of further development and may proceed at this juncture. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

However, plaintiff has named Alen Peters, Melvina Davis, and Todd Payne as defendants, but failed to include any allegation of their involvement in the facts giving rise to the amended complaint. Because the complaint provides no factual content or context from which the Court may reasonably infer that these defendants violated plaintiff's rights, the amended complaint should be dismissed against defendants Peters, Davis, and Payne.

Finally, because plaintiff has identified the John Doe defendants, the SOCF Warden should be dismissed as a party to this action.

Accordingly, in sum, plaintiff's excessive force claim may proceed against defendants K. Copas, W. Bailey, Duane Taylor, Shawn Stevens, and Jason Taylor. Having found that plaintiff has failed to state a claim against the remaining defendants, the complaint should be dismissed as to defendants Peters, Davis, and Payne.

**IT IS THEREFORE RECOMMENDED THAT:**

The amended complaint be **DISMISSED** as to defendants Peters, Davis, and Payne. The SOCF Warden should also be dismissed as a party to this action.

**IT IS THEREFORE ORDERED THAT:**

The United States Marshal shall serve a copy of the amended complaint (Doc. 23), summons, and this order upon defendants K. Copas, W. Bailey, Duane Taylor, Shawn Stevens, and Jason Taylor as directed by plaintiff. All costs of service shall be advanced by the United States.

Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the clerk of court a certificate stating the date a true and correct copy of any document was mailed to defendant or counsel. Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the court.

Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 11/13/15

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARCELLUS SMITH, JR.,
    Plaintiff,

vs

JOHN DOE, et al.,
    Defendants.

Case No. 1:14-cv-948

Beckwith, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).