UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARCELLUS SMITH,
Plaintiff,

vs.

JOHN DOE, et al.,
Defendants.

Case No. 1:14-cv-948
Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983 alleging that prison officials used excessive force against him in violation of the Eighth Amendment. (*See* Doc. 23). This matter is before the Court on defendants' motion for summary judgment (Doc. 44), to which plaintiff has not responded.

**I. Factual Background**

The Court has gleaned the relevant facts from the parties' submissions. Because the facts surrounding the incident giving rise to this lawsuit are disputed, each party's version of the facts is set forth separately.

**A. Plaintiff's Amended Complaint**

In his amended complaint, plaintiff alleges that on "Dec. 12," he was cuffed into a recreation chain with seven other inmates. (Doc. 23 at ¶¶ 1-6). Two of the other inmates in the chain "got into an altercation and started headbutting each other." (*Id.* at ¶¶ 8-10). Plaintiff alleges that someone "yelled stop and both inmates complied." (*Id.* at ¶¶ 10-11). After "everything had calmed," defendant correctional officers K. Copas, W. Bailey, and Duane Taylor "bum rushed" plaintiff and one of the inmates who had been fighting. (*Id.* at ¶¶ 11-14).

Plaintiff alleges that he was "tackled and pushed," which resulted in his head striking the floor or wall. (*Id.* at ¶¶ 17-19). These three defendants landed on the lower half of plaintiff's body and "started punching and bending up [his] legs." (*Id.* at ¶¶ 19-24). Plaintiff alleges that at this moment, defendant correctional officers Shawn Stevens and Jason Taylor "jumped in and they all started assaulting [him by] punching and kicking [his] legs, thighs, and private part." (*Id.* at ¶¶ 24-28). Plaintiff was then escorted to the prison medical center where he received an elastic bandage and ice pack for his swollen leg. (*Id.* at ¶¶ 32-36). Plaintiff eventually saw a doctor for his head injury and received pain medication for headaches. (*See id.* at ¶¶ 37-40). Plaintiff alleges that after he saw the doctor, he began having seizures, which he had never experienced before the use of force incident. (*Id.* at ¶¶ 40-45). Plaintiff alleges that he is now taking two medications to help suppress the seizures. (*Id.* at ¶¶ 45-47).

**B. Defendants' Evidence**

Defendants have submitted nearly 50 pages of exhibits concerning the incident in question. (*See* Docs. 44-1 through 44-4). This evidence shows that on December 12, 2013, inmates Williams and Rankin spit on and head butted each other. (Incident Report of Duane Taylor, Doc. 44-2, Exh. A-1 at 7). Defendant D. Taylor and non-defendant sergeant T. Payne fell to the floor while subduing inmate Rankin. (*Id.*). (*See also* Incident Report of T. Payne, Doc. 44-2, Exh. A-1 at 9).

Non-defendant correctional officer Melvina Davis observed the altercation between inmates Rankin and Williams. (Incident Report of Melvina Davis, Doc. 44-2, Exh. A-1 at 14). Officer Davis reported that sergeant Payne and correctional officer W. Smith separated inmates Rankin and Williams and defendant D. Taylor assisted sergeant Payne in securing inmate Rankin. (*Id.*). Officer Davis further reported that after inmates Rankin and Williams were

2

removed from the recreation chain, plaintiff "was laying on the floor complaining that his leg hurt from being knocked down." (*Id.*). Plaintiff was then sent to the infirmary for medical evaluation. (*Id.*).

Defendant Shawn Stevens reported that he arrived at the incident after "[i]t was under control." (Incident Report of Shawn Stevens, Doc. 44-2, Exh. A-1 at 12). Defendant Jason Taylor reported that when he entered the incident area, "the inmates [were] under control." (Incident Report of Jason Taylor, Doc. 44-2, Exh. A-1 at 13). The prison's use of force investigation of the incident did not reveal any evidence that defendants W. Bailey or K. Copas were present during the incident or in its aftermath. (*See* Affidavit of William Cool, Doc. 44-1, Exh. A at ¶ 6(e); Supervisor's Use of Force Summary Report, Doc. 44-2, Exh. A-1 at 5).

Inmates Rankin and Williams signed statements indicating that officers did not use force on them during the incident. (Inmate Use of Force Statements of Inmates Rankin and Williams, Doc. 44-2, Exh. A-1 at 18-19). Plaintiff made the following use of force statement after the incident: "They fell into my knee when they took him down. I am wearing an Ace Bandage." (Inmate Use of Force Statement of Plaintiff, Doc. 44-2, Exh. A-1 at 21).

After the incident, plaintiff was examined by Nurse C. James. (Medical Exam Report for Plaintiff, Doc. 44-2, Exh. A-1 at 24). Plaintiff made the following statement to Nurse James: "A correctional officer fell on my right knee. I can barely stand on it." (*Id.*). Nurse James noted that there was no swelling or discoloration present on physical examination, but plaintiff complained of not being able to walk and a pain level of 7 out of 10. (*Id.*). Plaintiff was given ice, crutches, an elastic bandage, and a nonsteroidal anti-inflammatory drug. (*Id.*).

In an informal complaint submitted on December 20, 2013 as part of the prison's grievance process, plaintiff gave the following description of the incident: "I got hurt as an

innocent bystander. . . . [M]y knee was injured as a result of me being pushed down by rec C/Os and them falling on top of my leg. I also hit my head on the wall and ground." (Informal Complaint Resolution submitted Dec. 20, 2013, Doc. 44-4, Exh. B-1 at 8). In a second informal complaint submitted on January 6, 2014, plaintiff stated: "I was pushed down and hurt my leg and head due to[] their carelessness." (Informal Complaint Resolution submitted Jan. 6, 2014, Doc. 44-4, Exh. B-1 at 9). In a formal grievance submitted on January 29, 2014, plaintiff stated: "I was vehemently knocked over. The Rec Officers fell on my leg and I hit my head on the wall as a result of their carelessness." (Notification of Grievance, Doc. 44-4, Exh. B-1 at 7). Finally, in an appeal to the chief inspector submitted on February 10, 2014, plaintiff stated: "I was pushed, hit my head on the wall and trampled over, due to the carelessness of the Rec C/Os apprehending two other inmates." (Appeal to the Chief Inspector, Doc. 44-4, Exh. B-1 at 5).

Plaintiff has not responded to defendants' motion for summary judgment and has not submitted any evidence to support the allegations made in his amended complaint.

## II. Summary Judgment Standard

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A grant of summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Satterfield*, 295

F.3d at 615; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587. "In response to a properly supported summary judgment motion, the non-moving party 'is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial.'" *Maston v. Montgomery Cty. Jail Med. Staff Pers.*, 832 F. Supp.2d 846, 849 (S.D. Ohio 2011) (quoting *Sixty Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). "To meet its burden, the non-moving party cannot rest on the mere allegations of the pleadings." *Id.* at 849 (citing *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)).

Because plaintiff is a pro se litigant, his filings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that the Court holds pleadings of pro se litigants to less stringent standards than formal pleadings drafted by lawyers)); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) (pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings). However, a party's status as a pro se litigant does not alter his duty to support his factual assertions with admissible evidence. *Maston*, 832 F. Supp.2d at 851-52 (citing *Viergutz v. Lucent Techs., Inc.*,

375 F. App'x 482, 485 (6th Cir. 2010)). When opposing a motion for summary judgment, a pro se party cannot rely on allegations or denials in unsworn filings. *Id.* (citing *Viergutz*, 375 F. App'x at 485).

### III. The Law Governing an Eighth Amendment Excessive Force Claim

A convicted prisoner's right to be free from the use of excessive force by prison officials is governed by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 327 (1986). An Eighth Amendment claim has both an objective and subjective component. *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (citing *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013)). The subjective component focuses on "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). In making this inquiry, the Court should consider the need for the use of force, the relationship between that need and the type and amount of the force used, the threat reasonably perceived by the official, the extent of the injury inflicted, and any efforts made to temper the severity of a forceful response. *See Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. at 319-21. The inmate is not required to suffer a serious injury, but the extent of his injuries may be considered in determining whether the force used was wanton and unnecessary. *Hudson*, 503 U.S. at 7.

The objective component requires the "pain inflicted to be 'sufficiently serious'" to offend "contemporary standards of decency." *Cordell*, 759 F.3d at 580 (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Hudson*, 503 U.S. at 8). "While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred." *Id.* at 580-81 (citing *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)). "When prison officials maliciously and sadistically

6

use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.* at 581 (quoting *Hudson*, 503 U.S. at 9).

**IV. Resolution**

Defendants' evidence shows that: (1) non-party inmates Williams and Rankin began fighting; (2) defendant D. Taylor and two other corrections officers employed reasonable force to take control of the situation; (3) defendant D. Taylor and sergeant Payne fell to the floor while subduing inmate Rankin; (4) plaintiff was unintentionally knocked down during the incident; (5) plaintiff complained of knee pain after the incident and was treated with ice, crutches, an elastic bandage, and pain medicine; and (6) defendants K. Copas, W. Bailey, Shawn Stevens, and Jason Taylor were not present during the use of force. (*See* Doc. 44-1, Exh. A at ¶ 6(e); Doc. 44-2, Exh. A-1 at 5, 7, 9, 12-14, 21, 24).

Because defendants have submitted a properly supported motion for summary judgment, plaintiff must "designate specific facts in affidavits, depositions, interrogatories, or other factual material" to create a genuine issue of material fact on his Eighth Amendment claim. *Hudson*, 503 U.S. at 6. *See also Maston*, 832 F. Supp.2d at 849. Plaintiff may not "rest on the mere allegations of the pleadings" to defeat defendants' motion for summary judgment. *Id.* Plaintiff has not responded to the motion for summary judgment and has not submitted any evidence to support the allegations of excessive force in his amended complaint.

Under some circumstances, a prisoner's verified complaint pursuant to 28 U.S.C. § 1746 has the same force and effect as an affidavit for purposes of responding to a motion for summary judgment under Fed. R. Civ. P. 56(e). *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir.

7

1993); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992). A complaint is verified within the language of 28 U.S.C. § 1746 if it contains language in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." *Browman*, 981 F.2d at 904.

While plaintiff's amended complaint contains a "verification" statement, it does not satisfy the requirements of Section 1746. Plaintiff's "verification" reads as follows: "I have read the foregoing amended complaint and hereby verify that the matter alleged herein is true, except as to the matters alleged on information and belief and as to those I believe them to be true. I certify under penalty that the forgoing is true and correct." (Doc. 23 at 3). Plaintiff does not state in his verification that his amended complaint was submitted under penalty of perjury. (*See* Doc. 23 at 3). Because plaintiff's amended complaint was not made under penalty of perjury, the Court cannot consider it as evidence to rebut defendants' properly supported motion for summary judgment. *See Moore v. Warden, Pickaway Corr. Inst.*, No. 2:11-cv-132, 2012 WL 529580, at *2 (S.D. Ohio Feb. 17, 2012) ("Because Plaintiff's 'Certification' was not made under 'penalty of perjury,' the Court cannot rely on the factual assertions contained in Plaintiff's objections."). Further, plaintiff states that the allegations in his amended complaint are true, "except as to the matters alleged on information and belief and as to those I believe them to be true." (Doc. 23 at 3). However, plaintiff's amended complaint does not distinguish between the statements he considers to be based on information and belief and those based on firsthand knowledge. (*See id.* at 1-3). Therefore, his verification statement does not comport with the requirement on summary judgment that a supporting affidavit or declaration be "made on personal knowledge." Fed. R. Civ. P. 56(c)(4). *See also Cobell v. Norton*, 310 F. Supp.2d 77, 84-85 (D.D.C. 2004) (declining to consider as evidence on summary judgment a certification

8

"based on nothing more than 'knowledge, information, and belief'"). Thus, plaintiff's amended complaint does not constitute evidence showing there is a genuine issue of material fact for trial. *See Maston*, 832 F. Supp.2d at 851-52 (holding that a pro se party cannot rely on allegations or denials in unsworn filings when opposing a motion for summary judgment).

There is no genuine dispute as to whether defendants used excessive force against plaintiff on December 12, 2013. Defendant D. Taylor and two other corrections officers used reasonable force to stop the fighting between Inmates Williams and Rankin on the recreation line. Plaintiff was unintentionally knocked down during the fracas and sustained minor injuries. There is no evidence that the force use by the defendants was excessive or that the force used was malicious or sadistic for the purpose of causing harm to plaintiff. Rather, the undisputed evidence establishes that corrections officers used reasonable force to restore order and discipline in response to inmates fighting on the recreation line. *Hudson*, 503 U.S. at 7. Because plaintiff has failed to submit any evidence calling into question the evidence presented by defendants, the motion for summary judgment on plaintiff's Eighth Amendment claim should be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's motion for summary judgment be **GRANTED**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Court Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 2/28/2017

Karen L. Litkovitz
United States Magistrate Judge

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARCELLUS SMITH,
    Plaintiff,

vs.

JOHN DOE, et al.,
    Defendants.

Case No: 1:14-cv-948
Barrett, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).